GALE L. AMACHER AND RUTH E. AMACHER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Amacher v. Commissioner
Docket No. 8196-89
United States Tax Court
T.C. Memo 1991-273; 1991 Tax Ct. Memo LEXIS 318; 61 T.C.M. (CCH) 2923; T.C.M. (RIA) 91273; June 17, 1991, Filed *318 Decision will be entered for the respondent. Gale L. Amacher, pro se. Sara J. Barkley, for the respondent. PAJAK, Special Trial Judge. PAJAK
MEMORANDUM FINDINGS OF FACT AND OPINION This case was heard pursuant to section 7443A(b) and Rule 180 et seq. (All section numbers refer to the Internal Revenue Code for the taxable year in issue. All Rule numbers refer to the Tax Court Rules of Practice and Procedure.) Respondent, in the notices of deficiency, determined overpayments in petitioners' Federal income tax for 1981 and 1982 of $ 2,097.50 and $ 78.00, respectively, additions to tax under section 6653(a)(1) of $ 243.22 and $ 176.20, respectively, and additions to tax under section 6653(a)(2) of 50 percent of the interest due on the underpayments of tax due to negligence of $ 4,864.50 and $ 3,524.00, respectively. This Court must decide: (1) Whether petitioners failed to report income during 1981 and 1982, and (2) whether petitioners are liable for the additions to tax under section 6653(a)(1) and (2) due to negligence. Some of the facts have been stipulated and are so found. Petitioners resided in Granville, Ohio, when they filed their petition. Petitioners filed *319 their Federal income tax returns for 1981 and 1982 and reported wages from Figgie International, Inc., and Montessori Community School. They also reported wages from A-T-O Hydraulics and Figgie Hydraulics on their 1981 and 1982 returns, respectively. On these original returns, petitioners did not report receiving income from Johnson Machine. On July 17, 1986, petitioners filed a Form 1040X Amended Individual Income Tax Return for 1981. On their amended return, petitioners reported that they received Schedule C income of $ 30,000 of gross receipts from Johnson Machine, with a net profit of $ 16,818 after deducting specific expenses. (Petitioners made other changes on their amended return, but the specifics of these changes were not discussed by the parties.) On July 22, 1986, petitioners filed Form 1040X Amended Individual Income Tax Return for 1982. On their amended return, petitioners reported that they received Schedule C income of $ 20,000 of gross receipts from Johnson Machine, with a net profit of $ 9,082 after deducting specific expenses. (Petitioners made other changes on their amended return, but the specifics of these changes were not discussed by the parties.) Petitioner *320 Gale L. Amacher (petitioner) stated on a self-employment schedule that he had received this $ 9,082 as a manufacturer's representative. During 1981 and 1982, petitioner performed services for Johnson Machine, Corfu, New York. An invoice, dated January 1, 1981, was prepared on petitioner's behalf in the amount of $ 15,000 for services rendered to Johnson Machine. Johnson Machine paid petitioner the $ 15,000 with a check dated January 13, 1981. Petitioner prepared an invoice, dated June 19, 1981, in the amount of $ 15,000 for services rendered to Johnson Machine. Johnson Machine paid petitioner the $ 15,000 with a check also dated June 19, 1981. During 1981, petitioner received $ 30,000 from Johnson Machine for services rendered. Petitioners did not report this $ 30,000 in gross income on the original Form 1040 income tax return filed for 1981. Petitioner prepared an invoice, dated January 15, 1982, in the amount of $ 12,000 for services rendered to Johnson Machine. Johnson Machine paid petitioner $ 12,104.23 with a check dated January 15, 1982. Twelve thousand dollars of the $ 12,104.27 check petitioner received from Johnson Machine was for services rendered by petitioner *321 to Johnson Machine. (The record is not clear as to whether the remaining $ 104.27 was reimbursement for expenses.) An invoice, dated June 1, 1982, was prepared on petitioner's behalf in the amount of $ 8,000 for services rendered to Johnson Machine. Johnson Machine paid petitioner the $ 8,000 with an undated check which was endorsed by petitioner and cleared by the banks during July 1982. During 1982, petitioner received $ 20,000 from Johnson Machine for services rendered. Petitioners did not report this $ 20,000 in gross income on the original Form 1040 income tax return filed for 1982. The $ 15,000 check, dated January 13, 1981, which petitioner received from Johnson Machine for services rendered, was deposited into a checking account in the name of petitioner Ruth E. Amacher, petitioner's wife. All funds petitioner received from Johnson Machine during 1981 and 1982 were placed in bank accounts in one or both of petitioners' names. All the funds were petitioners' funds. Petitioners had exclusive dominion and control over all funds received from Johnson Machine during 1981 and 1982. Petitioners reported in income each year the interest earned on certificates of deposit *322 which petitioners purchased with the money petitioner received from Johnson Machine. The funds petitioner received from Johnson Machine during 1981 and 1982 were for services rendered and were not received as "capital contributions" to a partnership. Petitioner and David Johnson of Johnson Machine never executed a written partnership agreement. Neither petitioner nor anyone else ever filed any partnership returns of income showing petitioner and David Johnson as partners. No separate partnership bank account was ever opened by petitioner and/or David Johnson. On April 14, 1988, petitioner was indicted by a Federal grand jury for willfully attempting to evade income taxes in violation of section 7201 for 1981 and 1982. On July 21, 1988, petitioner was found not guilty of violating section 7201 for 1981 and 1982. On January 23, 1989, respondent issued the notices of deficiency for 1981 and 1982. On August 28, 1989, petitioners submitted to the Internal Revenue Service a second set of Form 1040X amended returns for 1981 and 1982 claiming refunds of $ 6,962 and $ 3,602 based on the jury verdict of not guilty under section 7201. OPINION First, we address a preliminary matter. *323 Even though petitioners admit that the statutory notices of deficiency only relate to 1981 and 1982, petitioners claim this Court should consider petitioners' 1980 taxable year. It is well established that this Court can take no jurisdiction over a tax year unless a proper statutory notice of deficiency within the meaning of section 6212 has been issued as to that year. Since no notice of deficiency has been issued as to 1980, this Court does not have jurisdiction over that year. ; . Thus, the only years before the Court for decision are 1981 and 1982. Second, petitioners did not press their request for a jury trial. In any event, it has been repeatedly held that there is no constitutional right to a jury trial in the Tax Court. and cases cited. Petitioners' contentions that the jury determined that the amounts reported on the first set of Forms 1040X were not income to petitioners, but were actually capital contributions to a partnership *324 for the start of a new business, are simply erroneous. As the Supreme Court explained in : The difference in degree of the burden of proof in criminal and civil cases precludes application of the doctrine of res judicata. The acquittal was "merely . . . an adjudication that the proof was not sufficient to overcome all reasonable doubt of the guilt of the accused." . It did not determine that Mitchell had not wilfully attempted to evade the tax. That acquittal on a criminal charge is not a bar to a civil action by the Government, remedial in its nature, arising out of the same facts on which the criminal proceeding was based has long been settled. * * * In fact, in , the Supreme Court held that an acquittal of a taxpayer on a charge of willfully attempting to evade or defeat income tax was no bar to the collection of the 50-percent addition to tax for fraud. In this case, the acquittal of petitioner was merely an adjudication that the proof was not sufficient to overcome all reasonable doubt of *325 the guilt of petitioner. The second set of Forms 1040X was based upon a misreading of the jury verdict. Accordingly, respondent gave no significance to the second set of Forms 1040X, nor shall we on the facts in the record. Petitioners have the burden of proving that respondent's determinations are incorrect. ; Rule 142(a). Petitioner's contention that the payments from Johnson Machine were capital contributions is not supported by the record. (The ex parte affidavit attached to petitioners' brief and the statements in their brief do not constitute evidence. Rule 143(b).) We are not required to accept petitioner's self-serving statements where they appear improbable or unreasonable. , affg. . We noted the demeanor and manner in which petitioner testified and the manner in which he responded to cross-examination. We did not find petitioner to be a credible witness. Petitioner admitted that the issue of whether there was a partnership was first raised at the time of the criminal tax evasion trial. If petitioner *326 had been in a partnership, it would appear logical that he would have made this argument when he first was being investigated by the Internal Revenue Service. In each of the taxable years in issue, as detailed in our findings of fact, we found that petitioner received substantial payments from Johnson Machine for services rendered which he failed to report on his original income tax returns for those years. Petitioners failed to prove any error in respondent's determinations on the income issue. We sustain respondent's determinations on this issue. We last turn to the question of the additions to tax due to negligence under section 6653(a)(1) and (2). Section 6653(a)(1) provides for an addition to tax in the amount of 5 percent of an underpayment of tax if any part of the underpayment is due to negligence or intentional disregard of the rules and regulations. Section 6653(a)(2) provides for a further addition to tax in an amount equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence or intentional disregard of rules and regulations. Petitioners have the burden of proof. . *327 Under section 6653, negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . Because of petitioners' failure to report substantial amounts of income in 1981 and 1982, we find that petitioners are liable for additions to tax under section 6653(a)(1) and (2). Decision will be entered for the respondent.